# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1167-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LOUIS CORRADI, III,

      Defendant-Appellant.

_____

      Submitted February 10, 2020 – Decided May 5, 2020

      Before Judges Rothstadt and Moynihan.

      On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 07-08-1188.

      Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

      Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Louis Corradi, III was charged in a three-count indictment with crimes related to the sexual assault of a four year-old child between December 21, 2004 and March 21, 2005. Defendant unsuccessfully attempted to withdraw his guilty plea to third-degree endangering the welfare of a child related to the sexual assault, N.J.S.A. 2C:24-4(a),[1] and was sentenced on October 17, 2008; the judgment of conviction (JOC) was filed that day. The sentencing court imposed parole supervision for life (PSL). He filed a petition for post-conviction relief (PCR) on August 23, 2017, which was denied without an evidentiary hearing. Defendant appeals from the order denying PCR relief, arguing:

> POINT I
>
> [DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE.

---

[1] On direct appeal we determined defendant presented a prima facie case for withdrawal of his plea and remanded to the trial court for an evidentiary hearing and balancing of the pertinent factors announced in State v. Slater, 198 N.J. 145, 157-58 (2009). State v. Corradi, No. A-1759-08 (App. Div. Oct. 27, 2009). After the remand-hearing, the trial court denied the motion. We dismissed the ensuing appeal for failure to prosecute. State v. Corradi, No. A-0553-11 (App. Div. Mar. 8, 2012).

A-1167-18T3

POINT II

THE LOWER COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

POINT III

[DEFENDANT'S] MOTION FOR [PCR] SHOULD NOT HAVE BEEN BARRED BY PROCEDURAL CONSIDERATION.

Because the PCR court did not hold an evidentiary hearing, we review both the factual inferences drawn by the PCR court from the record and the court's legal conclusions de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. Defendant must show a "reasonable probability" that the deficient performance affected the outcome.

3

Fritz, 105 N.J. at 58. Under those standards, we find no merit in defendant's arguments and affirm.

The PCR court concluded defendant's petition was procedurally barred because it was filed almost nine years after the entry of defendant's JOC. We discern no basis to relax the strictures of Rule 3:22-12(a)(1) which provides in pertinent part: "no petition shall be filed pursuant to this rule more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged[.]"

The Rule protects two important interests. State v. Mitchell, 126 N.J. 565, 575-76 (1992). First, it prevents prejudice to the State's case as memories fade, witnesses become unavailable, and evidence is lost. Ibid. Second, it respects the finality of judgments so as "to allay the uncertainty associated with an unlimited possibility of relitigation" which prompts "those believing they have grounds for [PCR] to bring their claims swiftly[.]" Id. at 576.

The five-year procedural bar is not absolute, but relaxation is permitted only under exceptional circumstances." Id. at 580. Under the Rule, the five-year procedural bar does not apply if the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found

to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).

Those exceptional circumstances were not established in this case where defendant filed this PCR in August 2017 and the JOC was filed on October 17, 2008. Defendant claims he established excusable neglect "because he was unaware of the ramification of [PSL] until recently, [and] also due to the ineffectiveness of trial counsel['s] failing to properly advise [him] of the harsh consequences of PSL and for forcing him to take a plea deal when his family could no longer pay his" legal fees.

Though defendant does not specify the ramifications of which he was unaware and the consequences of which counsel failed to advise him, we have held neither lack of legal knowledge, State v. Murray, 315 N.J. Super. 535, 539-40 (App. Div. 1998), aff'd in part and modified in part, 162 N.J. 240 (2000), nor lack of factual knowledge, see State v. Cummings, 321 N.J. Super. 154, 166 (App. Div. 1999), amounts to excusable neglect.

Further, the record discloses defendant was fully aware of the PSL requirements when he entered his guilty plea in December 2007. Defendant signed a four-question page of the plea form explaining: defendant's sentence required the imposition of PSL; he would be supervised for at least fifteen years

"and will be subject to provisions and conditions of parole, including conditions appropriate to protect the public and foster rehabilitation, such as, but not limited to, counseling, and other restrictions which may include restrictions on where [he] can live, work, travel or persons [he] can contact"; a violation of PSL conditions might result in parole revocation and a twelve- to eighteen-month prison sentence for each revocation, which would not be reduced by commutation or work credits; and, if indicted and convicted for a PSL violation, he would face a mandatory sentence of up to eighteen months in addition to any sentence imposed by the Parole Board for a PSL violation. Those warnings were repeated in another part of the plea form defendant signed, titled "ADDITIONAL QUESTIONS FOR CERTAIN SEXUAL OFFENSES."

During the plea colloquy, the judge specifically referred to the PSL portion of the plea form that "enumerates what some of the conditions could be for [PSL], so he[—defendant—]has some idea what it is." When trial counsel asked the judge if defendant could "come over here . . . and we can go over it," the judge replied, "[s]ure." The judge also advised defendant he could seek to have the PSL conditions lifted after fifteen years. Referring to the forms, the judge told defendant: "So you get the idea what the different conditions could

be.  It doesn't mean all of those things are going to be done[,] but those are the things they could ask you to supervise you."

We also note defendant does not allege the New Jersey State Parole Board, after the completion of his sentence, failed in its duty to issue and deliver, N.J.A.C. 10A:71-6.11(g), a written certificate, outlining "the conditions of community supervision for life . . . and any special condition established by the Board panel," N.J.A.C. 10A:71-6.11(h), or failed to explain those conditions when the certificate was delivered, N.J.A.C. 10A:71-6.11(i).  We find no merit to defendant's excusable neglect argument.

Moreover, defendant's claims of ineffectiveness of trial counsel have no relation to PSL.  Those claims are based on trial counsel's failure to "conduct[] any investigation into the [State's] allegations"; review discovery with defendant; visit defendant in the jail and, after a time, take defendant's telephone calls; and consider a polygraph examination, notwithstanding defendant's request.  The bases for those claims were apparent to defendant before he pleaded guilty, and certainly by the time he was sentenced.

Nor are we convinced that the imposition of the Rule 3:22-12 time bar will result in a fundamental injustice.  Defendant has not advanced any "serious question about his . . . guilt or the propriety of the sentence imposed[, nor

provided] factual evidence to support it," to warrant relaxation of the bar. Mitchell, 126 N.J. at 580. Defendant did not provide grounds for the withdrawal of his guilty plea and imposition of PSL was mandatory.

Aside from the procedural bar, defendant's assertions of trial counsel's ineffectiveness are bald. He does not reveal what the investigation counsel allegedly failed to conduct would have revealed. He does not delineate the discovery counsel failed to review, nor state the impact of that alleged failure. Likewise, he does not provide what he would have discussed with trial counsel if he had visited him in the jail or taken his calls, or state the impact of those alleged failures. And, he does not provide a polygraph examination, nor any indication how such an examination would have impacted his case.

An evidentiary hearing should be held only if a defendant presents "a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b). In order to establish a prima facie case, "a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth in Strickland[.]" Preciose, 129 N.J. at 463. Merely raising a claim for [PCR] does not entitle a defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. A "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than

A-1167-18T3

make bald assertions that he was denied the effective assistance of counsel," Cummings, 321 N.J. Super. at 170. Petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity the facts that he wished to present." State v. Jones, 219 N.J. 298, 312 (2014). PCR applications are not fishing expeditions. State v. Marshall, 148 N.J. 89, 270 (1997) ("[W]e note that PCR 'is not a device for investigating possible claims, but a means for vindicating actual claims.'" (quoting People v. Gonzalez, 800 P.2d 1159, 1206 (Cal. 1990))). Defendant, whose unsupported allegations do not present a prima facie case, may not use an evidentiary hearing to explore his allegations.

Defendant has failed to meet either of Strickland-Fritz's prongs. Based on our de novo review, his PCR petition was properly denied without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9